# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VARIA HOLDINGS LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　　Defendant. | **JOINT PROPOSED<br>CIVIL CASE MANAGEMENT<br>PLAN**<br><br>Case No. 1:23-07477-RPK-VMS |

**The parties/counsel who conferred in drafting this joint proposed case management plan**:

For Plaintiff: _____Tim Gilman, Natalie Lieber_____

For Defendant: ____Brian Rosenthal, Nathan Scharn_____

A. Do the parties request referral to the Court's ADR Program?   Yes:___   No:_x_

B. Do the parties consent to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c)?

　　Yes: ___　　If yes, fill out the AO 85 Notice, Consent and Reference of a Civil Action to a Magistrate Judge Form and file it on ECF. https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge.

　　No: _x_　　If no, do not indicate which party declines consent.

C. The parties may wish to engage in settlement discussions.

　　If so, Plaintiff will serve demand by _____. Defendant(s) will respond by _____.

D. Defendant will answer or otherwise respond to complaint by **Dec. 18, 2023**, if not yet done.

　　The parties will serve Rule 26(a)(1) initial disclosures by **Jan. 9, 2024,** if not yet done.

　　The parties will serve initial document requests and interrogatories on or before **Jan. 24, 2024**.

　　Any joinder and/or amendments of the pleadings must be made by **Feb. 9, 2024**.

　　The parties will complete fact discovery by **60 days after the claim construction ruling**.

If the parties perform expert discovery, they will serve initial expert reports by **30 days after close of fact discovery (for claims or defenses for which the party bears the burden of proof)**; and rebuttal expert reports on or before **60 days after close of fact discovery**.

All discovery, including expert deposition will be completed by **90 days after close of fact discovery**, and the parties will file a joint letter certifying the close of all discovery by this same date.

Other considerations the parties wish to bring to the Court's attention, such as the need for electronic discovery or confidentiality order are provided below:

E. Proposed Deadlines

| Event | Date |
|---|---|
| Parties to serve Initial Disclosures (Fed. R. Civ. P. 26(a)(1)) | January 9, 2024 |
| Disclosure of Asserted Claims and Infringement Contentions (Local Patent Rule 6) | February 26, 2024 (45 days after Initial Scheduling Conference) |
| Core Technical Production of Documents of specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified in the Infringement Contentions [for the avoidance of doubt, the Core Technical Production" does not include source code, which the parties will address separately] | March 25, 2024 (28 days from infringement contention) |
| Invalidity Contentions (Local Patent Rule 7) | April 11, 2024 (45 days after infringement contentions) |
| Plaintiff shall identify no more than 25 asserted patent claims | April 18, 2024 (7 days after invalidity contentions) |
| Parties shall exchange list of claim terms that they believe need construction (not filed with the Court) | April 25, 2024 (7 days after claim election) |
| Parties shall exchange proposed claim constructions of identified claim terms (not filed with the Court) | May 2, 2024 (7 days exchange of terms) |
| Joint Claim Terms Chart (Local Patent Rule 11) (parties to meet and confer in advance for preparation of this joint filing) | May 9, 2024 (7 days from exchange of constructions) |

| | |
|---|---|
| Opening Claim Construction Brief (Local Patent Rule 12(a)) | June 11, 2024 (33 days from joint claim terms chart) |
| Responsive Claim Construction Brief (Local Patent Rule 12(b)) | July 11, 2024 (30 days from opening claim construction brief) |
| Reply Claim Construction Brief (Local Patent Rule 12(c)) | July 25, 2024 (14 days from responsive claim construction brief) |
| Technology Tutorial and Markman Hearing | TBD by Court |
| Deadline to substantially complete document production<br><br>The parties agree to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. | 30 days after the claim construction hearing |
| Plaintiff shall identify no more than 15 asserted patent claims | 14 days after claim construction ruling |
| Defendant shall identify no more than 30 prior art references | 21 days after claim construction ruling |
| Opinions(s) of Counsel (Local Patent Rule 10) | 30 days after claim construction ruling |
| Fact discovery closes | 60 days after the claim construction ruling |
| Opening Expert Reports | Reports with burden of proof: 30 days after close of fact discovery |
| Rebuttal Expert Reports | 60 days after close of fact discovery |
| Deadline to complete all discovery, including depositions of experts, and file a joint letter certifying close of all discovery | 90 days after close of fact discovery |
| Deadline to file pre-motion letters related to any proposed motions for summary judgment and any *Daubert* motions<br><br>Any pre-motion letters shall comply with Section IV.A of the Court's Individual Practices, including the requirement that the letter must also include a copy of the movant's Local Rule 56.1 statement of material facts | 21 days after the close of all discovery |
| Pretrial Order due | To be scheduled by Court |

| Pretrial conference due | To be scheduled by Court |
| --- | --- |
| Jury Trial | To be scheduled by Court |

F.  Other Matters

The Parties anticipate submitting to the Court a proposed Protective Order and Electronically Stored Information (ESI) Order that will set forth procedures for claims of privilege or protection after production and ESI production issues not covered by this proposed case management plan.

Dated: December 26, 2023
New York, New York

        Respectfully submitted,

**SCHULTE ROTH & ZABEL LLP**

*/s/ Timothy Gilman*

Timothy K. Gilman
Natalie D. Lieber
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Tel: 212.756.2000
Fax: 212.593.5955
tim.gilman@srz.com
natalie.lieber@srz.com

*Attorneys for Plaintiff Varia Holdings LLC.*


**GIBSON, DUNN & CRUTCHER LLP**

*/s/Brian Rosenthal*

Brian Rosenthal
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Tel: 212.351.4000
Fax: 212.817.9539
BRosenthal@gibsondunn.com

*Attorney for Defendant Apple, Inc.*