UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VARIA HOLDINGS LLC,

          Plaintiff,

   v.

APPLE INC.,

          Defendant.

Case No. 1:23-cv-07477-RPK-VMS

**ORAL ARGUMENT REQUESTED**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

    Page

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 2

    A.    Varia Fails to Plausibly Allege Infringement Under Either Reading of the Claims, Including Varia's Own Interpretation ..................................................................... 2

    B.    Factual Allegations Varia Failed to Plead Cannot Rescue Its Complaint ............. 5

    C.    Apple's Citations to the Judicially Noticeable Prosecution History and Other Evidence Varia's Complaint Relied On Do Not Convert Its Motion to Dismiss into a Motion for Summary Judgment ................................................................... 6

        1.    The Prosecution History Is Judicially Noticeable ...................................... 6

        2.    Once Considered, the Prosecution Histories Further Support Dismissal .................................................................................................... 7

        3.    Apple Cited Public iPhone Teardowns Because *Varia* Relied On Them in Its Allegations ............................................................................. 8

    D.    Varia's Expert Declaration Is Procedurally Improper, and Should Not Be Considered ............................................................................................................. 9

    E.    Amendment Would Be Futile, So Dismissal Should Be with Prejudice ............. 10

III. CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anchor Sales & Mktg., Inc. v. Richloom Fabrics Grp., Inc.*,
   No. 15-CV-4442 (RA), 2016 WL 4224069 (S.D.N.Y. Aug. 9, 2016).................................6, 7

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)....................................................................................4, 5

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ............................................................................................5

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
   760 F. App'x 1013 (Fed. Cir. 2019) ..................................................................................6

*Data Engine Techs. LLC v. Google LLC*,
   906 F.3d 999 (Fed. Cir. 2018)............................................................................................6

*Friedl v. City of New York*,
   210 F.3d 79 (2d Cir. 2000).................................................................................................6

*Jordache Enterprises, Inc. v. Affiliated FM Ins. Co.*,
   No. 21-CV-5433 (RA), 2022 WL 986109 (S.D.N.Y. Mar. 31, 2022).................................9

*Kaplan, Inc. v. Yun*,
   16 F. Supp. 3d 341 (S.D.N.Y. 2014)...................................................................................7

*In re Merrill Lynch & Co., Inc.*,
   273 F. Supp. 2d 351 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch
   & Co.*, 396 F.3d 161 (2d Cir. 2005)....................................................................................8

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018)..........................................................................................5

*New York v. Mountain Tobacco Co.*,
   55 F. Supp. 3d 301 (E.D.N.Y. 2014) ..................................................................................9

*Ottah v. Fiat Chrysler*,
   884 F.3d 1135 (Fed. Cir. 2018)......................................................................................5, 6

*Pyatt v. Raymond*,
   462 F. App'x 22 (2d Cir. 2012), *as amended* (Feb. 9, 2012)...............................................9

*Straebler v. NBC Universal, Inc.*,
   No. 11 CIV. 4131 DAB, 2013 WL 541524 (S.D.N.Y. Feb. 11, 2013)..............................10

*Ultimate Home Protector Pans, Inc. v. Camco Mfg., Inc.*,
   No. 1:19-cv-280, 2020 WL 1169358 (M.D.N.C. Mar. 11, 2020)........................................5

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ....................................7

*Zirogiannis v. Seterus, Inc.*,
    221 F. Supp. 3d 292 (E.D.N.Y. 2016) ....................................................................................5

## TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| 1 | Aug. 31, 2010 Applicant Arguments / Remarks Made in Amendment |
| 2 | Dec. 21, 2010 Appellant's Brief |
| 3 | Nov. 1, 2011 Notice of Allowance |
| 4 | July 1, 2014 Applicant Arguments / Remarks Made in Amendment |
| 5 | Mar. 24, 2010 Applicant Arguments / Remarks Made in Amendment |
| 6 | iPhone 8 tear down, *available at* https://www.ifixit.com/Teardown/iPhone+8+Teardown/97481 (last accessed Dec. 17, 2023) |
| 7 | iPhone X tear down, *available at* https://www.ifixit.com/Teardown/iPhone+X+Teardown/98975 (last accessed Dec. 17, 2023) |
| 8 | Excerpts from the deposition transcript of Jacob Sharony, dated March 6, 2024 |
| 9 | Appendix A to Varia's February 26, 2024 Infringement Contentions |
| 10 | Appendix D to Varia's February 26, 2024 Infringement Contentions |

I. **INTRODUCTION**

Apple's Motion to Dismiss is simple: To state a claim for infringement, Varia's Complaint must include well-pleaded factual allegations that, when accepted as true, show infringement is plausible. Even accepted as true, however, the factual allegations in Varia's Complaint concerning the "transceiver" / "transmitter" and "communication circuitry" elements only show noninfringement.[1] Varia admitted in its Opposition that the claims required that the radio frequency identification (RFID) and voice communication functions **must at least "partial[ly]" overlap** in a transceiver or circuity for the claims to be infringed. Opp. at 21.

But in its Complaint, Varia only pointed to (and can only point to) multiple unrelated chips that separately perform the RFID and voice communication functions. The components of these distinct chips—an NXP NFC chip (accused as providing RFID functionality) and two Qualcomm wireless communication chips (accused as providing voice call functionality)—**do not overlap**. Varia's infringement allegations are therefore not plausible and should be dismissed.

Varia's procedural challenges to Apple's Motion all fail. Apple's Motion does not require the Court to resolve a claim construction dispute. Varia's factual allegations have been taken as true at this stage. And the Court should not consider Varia's nearly 100-page expert declaration submitted with its Opposition, which is improper at for a motion challenging the pleadings. But well-established precedent allows the Court to consider Apple's arguments citing the patents' prosecution histories or public documents Varia relied on in drafting its Complaint. Even if the Complaint were considered alone, however, Apple still prevails—Varia did not and cannot point

---

[1] To streamline this Motion for the Court, Apple narrows its Motion by excluding claims 1–15 of the '947 patent. Apple will show that those claims are invalid and not infringed separately from this Motion. For ease of reference, Apple will refer to the claims of the '984 and '974 patents and claims 16–32 of the '947 patent, as the "Challenged Claims." Although some claims of the '984 and '974 patents require a "transmitter" instead of a "transceiver," Varia has not provided any specific allegations for those claims in its Complaint and the same arguments for dismissal apply equally to both the transceiver (i.e., transmitter/receiver) and transmitter claims. *See, e.g.*, Mot. at 3–4, 15–18.

1

to anywhere in an accused product where a single transceiver or overlapping circuitry is used to perform both RFID and voice communications. There is no such circuitry in the accused products. The Challenged Claims should therefore be dismissed.

## II. ARGUMENT

### A. Varia Fails to Plausibly Allege Infringement Under Either Reading of the Claims, Including Varia's Own Interpretation

Under any interpretation of the "transceiver" and "communication circuitry" elements—including Varia's in its Opposition—Varia has failed to plead facts to plausibly allege of infringement of the Challenged Claims. Thus, contrary to Varia's argument, the Court does not need to resolve a claim construction dispute to dismiss Varia's infringement allegations.[2]

The Challenged Claims all require a "transceiver" or "communication circuitry" that performs both voice communication—the conventional purpose of mobile devices such as cell phones—and RFID communication. Mot. 1–9, 11–15. This makes sense because the Asserted Patents tout as an alleged benefit that the invention "advantageously leverage[s] on existing elements of mobile communication device," such that in preferred embodiments, "substantial portions of the hardware and/or software elements employed to provide a RFID, are the same elements employed to facilitate the primary function of device," or voice calling. '984 patent, 3:43–55. Apple explained that Varia alleges multiple, independent transceivers and circuits perform the recited RFID and voice communication functions. Mot. 1–15. This does not meet the claims, and cannot form the basis for any plausible claim of infringement. *Id.*

Varia responded by admitting that the claims require at least "partial—not total—overlap" for the transceiver and communication circuitry that performs the RFID and voice

---

[2] Varia repeatedly characterizes what it alleges to be Apple's claim construction position. But Varia's characterization is not Apple's position. Apple will disclose its proposed constructions according to the case schedule.

2

communications. Opp. at 21; *see also id.* at 6 ("This 'sharing at least *some* common circuitry' was what 'a transceiver' meant."). Varia relies on Figure 1, annotated in green below:



Opp. at 5. This syncs with the Asserted Patents' more detailed depiction of the transceiver and communication circuitry—"a joint radio frequency (RF) transmit/receive (TX/RX) section 402," annotated in green below—which together with the other components of Figure 4 (the signal processors 408 and 410 and the splitters 404 and 406) are located on the single "transceiver 308":



'984 patent, Fig. 4, 6:52–59; *see also id.*, Fig. 3 (depicting transceiver 308).

But despite acknowledging that overlap is required, Varia did not and could not point to any overlapping RFID and voice communication circuitry or components in any alleged transceiver or communications circuitry in an accused Apple product. Rather, Varia points to three discrete, nonoverlapping transceivers as meeting the transceiver/circuitry element,[3] the "NXP

---

[3] Varia namely refers to the iPhone 7 in its Complaint. Its only other allegation is that "later versions of the iPhone included Snapdragon chipsets with combined telephony and RFID/NFC capabilities, and infringe for similar reasons."

3

67V04 NFC *Controller* [yellow], Qualcomm WTR4905 Multimode LTE *Transceiver* [dark blue], and Qualcomm WTR3925 RF *Transceiver* [magenta]." *E.g.*, Compl. ¶ 77 (emphasis added).



*Id.* According to Varia, the component that transmits and receives RFID signals is the NXP 67V04 NFC Controller. Compl. ¶¶ 77 ('984 patent, claim 13), 93 ('974 patent, claim 8), 108–110, 112–113 ('947 patent, claim 16). According to Varia, the components responsible for voice communications are the "Qualcomm WTR4905 Multimode LTE Transceiver, Qualcomm WTR3925 RF Transceiver." *Id.* But Varia has not alleged any overlap between the NXP NFC controller and the Qualcomm LTE and RF transceivers. *See id.* And as the image from Varia's Complaint makes clear, that is because ***there is no such overlap***. Thus, Varia has not plausibly alleged that the accused products have the required overlapping components for performing both RFID and voice communication, as recited in the Challenged Claims. The Challenged Claims should therefore be dismissed.

Nor do the cases on which Varia relies require a different result. Apple's Motion does not require claim construction because Varia's allegations fail even under its own interpretation of the claims. Even with the broad interpretation afforded patent claims at the pleading stage (*In re Bill*

---

Compl. ¶¶ 77, 93, 108, 112–113. Apple detailed in its Opening Brief why this allegation is conclusory, and Varia's Opposition provides no reasoned argument to the contrary. And while the Court need not consider anything outside of the pleadings to resolve Apple's Motion, Varia's improper expert declaration, which includes teardowns for iPhone and Apple Watch, but does not mention any Snapdragon chipsets—and its infringement contentions that did not accuse any Snapdragon chipsets—confirm the conclusory nature of this allegation. *See generally* Sharony Decl.; Exs. 9–10.

*of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012)), "a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021). That is precisely what Varia has done here. Thus, Varia's reliance on *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018), *Ultimate Home Protector Pans, Inc. v. Camco Mfg., Inc.*, No. 1:19-cv-280, 2020 WL 1169358 (M.D.N.C. Mar. 11, 2020), and various district court cases declining to resolve material claim construction disputes on a Rule 12(b)(6) motion is misplaced. The circumstances here instead are akin to those in *Bot M8*, where "the factual allegations [we]re actually *inconsistent* with and contradict infringement" and are thus "insufficient to state a plausible claim." 4 F.4th 1342, 1354 (Fed. Cir. 2021); *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141–42 (Fed. Cir. 2018) (affirming dismissal where there was "no claim that can be plausibly construed" to cover the infringement allegations in plaintiffs' complaint).

### B. Factual Allegations Varia Failed to Plead Cannot Rescue Its Complaint

Varia next purports to fault Apple for analyzing "only three out of the 25 products accused of infringement." Opp. 1. But, as discussed above, Varia's Complaint includes factual allegations for only one product, iPhone 7, and a conclusory statement referring to "later versions of the iPhone." Compl. ¶¶ 77, 93, 108, 112, 113. For the other notionally accused products, Varia did not even make conclusory factual allegations of infringement. Apple cannot address factual allegations Varia did not make.[4]

Indeed, it is well-accepted that unpleaded allegations cannot save Varia's Complaint from dismissal. *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 303 (E.D.N.Y. 2016) ("[T]he Court

---

[4] As discussed below, Varia's disclosures subsequent to its Complaint, including Varia's infringement contentions, show that it cannot cure the deficiencies in its Complaint addressed in Apple's Motion. The same failures plague every accused product for which Varia has provided any evidence.

5

may not rely 'on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.'" (quoting *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000))).

      **C.    Apple's Citations to the Judicially Noticeable Prosecution History and Other Evidence Varia's Complaint Relied On Do Not Convert Its Motion to Dismiss into a Motion for Summary Judgment**

Varia argues that Apple's citations to the file histories of the Asserted Patents—which are part of the intrinsic record of the patent under well-settled law—and documents on which Varia itself relied for its allegations convert Apple's Motion to Dismiss into a motion for summary judgment. Opp. at 3. The Court does not need to reach this argument. Comparing Varia's deficient factual allegations to the plain language of the claims of the Asserted Patents alone demands dismissal. If the Court is inclined to consider this evidence, however, it may properly do so without converting Apple's Motion to Dismiss into a motion for summary judgment, and will see that these documents strongly support dismissal.

        **1.    The Prosecution History Is Judicially Noticeable**

According to binding precedent, Apple's citations to the prosecution history of the Asserted Patents do not convert Apple's Motion to Dismiss into a motion for summary judgment. The Federal Circuit made clear that courts may take judicial notice of file histories when evaluating the sufficiency of the pleadings. *E.g.*, *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) ("On a motion for judgment on the pleadings . . . the court may consider 'matters of public record.' Prosecution histories constitute public records." (citations omitted)); *see also Ottah*, 884 F.3d at 1141–42 (affirming dismissal at pleading stage "in view of the specification and prosecution history"); *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 760 F. App'x 1013, 1018 (Fed. Cir. 2019) ("[R]elevant prosecution histories are 'public records' properly considered at the pleadings stage."). Courts in this Circuit have followed. *E.g.*, *Anchor Sales & Mktg., Inc. v. Richloom Fabrics Grp., Inc.*, No. 15-CV-4442 (RA), 2016 WL 4224069, at

6

\*1 n.1 (S.D.N.Y. Aug. 9, 2016) ("The Court . . . 'may take judicial notice of official records of the [PTO].'" (quoting *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 345 (S.D.N.Y. 2014))); *see also Vervain, LLC v. Micron Tech., Inc.*, 2022 WL 23469, at \*5–7 (W.D. Tex. Jan. 3, 2022) (holding infringement allegations implausible based on claim scope disclaimed during prosecution).

Varia attempts to distinguish these cases on the basis that they were motions related specifically to 35 U.S.C. § 101 and infringement under the doctrine of equivalents. But Varia alleges the doctrine of equivalents, so that is not a distinction. Compl. ¶ 81. Otherwise, Varia does not explain why it would be permissible to consider the prosecution history for Section 101 but not when challenging infringement. No reasoned basis for such a distinction exists.

### 2. Once Considered, the Prosecution Histories Further Support Dismissal

Should the Court consider the prosecution histories, despite Varia's arguments to the contrary, the Court will see that they strongly reinforce the implausibility of Varia's allegations. Varia's argument that the Patent Office examiner "repeatedly rejected" the applicant's arguments about the transceiver being a single, two-state (switching required) component omits the end of the story. Although during prosecution of the '984 patent, the examiner repeatedly rejected the then-pending claims ***because they did not actually recite the limitations*** the applicant argued made the invention different from the prior art, the examiner ultimately amended the claims himself after an examiner interview, adding several limitations to the claims to manifest the applicant's arguments and overcome the cited art. Rosenthal Ex. 3 (Nov. 1, 2011 Notice of Allowance). Once amended, the claims required ***one*** transceiver that could operate in ***two different states***, a "first state" in which the transceiver may output "RFID transponder data" and a "second state" in which the transceiver may output a "voice call signal." Opp. at 22–23; Rosenthal Ex. 3 at 2 (emphasis added). Varia accepted these amendments, which led to the patent's issuance. Contrary to Varia's insistence, the Patent Office ultimately did not reject the applicant's arguments but

7

rather accepted them, and explicitly tailored the claims to reflect the applicant's repeated arguments to overcome the art of record and obtain issuance.

### 3. Apple Cited Public iPhone Teardowns Because *Varia* Relied On Them in Its Allegations

Although the Court may properly consider them in a motion to dismiss, the public iPhone teardowns for "later versions of iPhone" that Apple submitted with its Opening Brief are not necessary to demonstrate the implausibility of Varia's infringement allegations. As discussed above, Varia's allegation that "later versions of the iPhone included Snapdragon chipsets with combined telephony and RFID/NFC capabilities, and infringe for similar reasons" (Compl. ¶¶ 77, 93, 108, 112, 113), is on its face too conclusory to plausibly demonstrate infringement. Such conclusory statements do not amount to a well-pleaded factual allegation, and should not be credited. But if the Court chooses to credit them, Apple submitted the additional teardowns because, as far as Apple could discern, these were examples of documents on which Varia relied in making its conclusory Snapdragon allegation. They are from the same website Varia cited for its iPhone 7 allegations, they involve "later versions of iPhone," and include Snapdragon chips. These types of documents may be considered in a Rule 12(b)(6) motion. *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (in deciding a Rule 12(b)(6) motion courts may consider "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint." (citations omitted)), *aff'd sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005).

Apple submitted them to the Court to show that, consistent with other public information on the iPhone chipsets, and just like the other public documents Varia has cited in its improper expert declaration supporting its Opposition, a separate NXP NFC Controller is responsible for RFID/NFC communication, and does not share any common transmit/receive circuitry with a

8

voice communication transceiver.[5]  In any event, the Court can reach the same conclusion by considering only the pleadings.  Thus, although they further support dismissal, these iPhone teardowns (Rosenthal Exs. 6 and 7) are not necessary to the Court's consideration of this Motion.

### D. Varia's Expert Declaration Is Procedurally Improper, and Should Not Be Considered

Unlike the properly judicially noticed prosecution history and public information considered in Varia's drafting of its Complaint, Varia's attempt to supplement its deficient pleadings with a nearly 100-page expert declaration from Dr. Jacob Sharony during motion practice should be rejected.  This declaration is procedurally improper, and the Court should not consider it in deciding whether Varia's **Complaint** states a plausible claim for infringement.  *Pyatt v. Raymond*, 462 F. App'x 22, 24 (2d Cir. 2012), *as amended* (Feb. 9, 2012) (holding that the "district court did not err by declining to examine" lyric sheets and expert reports that plaintiffs attached to their opposition to the defendants' motion to dismiss because the documents were "not attached to or integrated into the complaint, or incorporated therein"); *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 315 (E.D.N.Y. 2014) (declining to consider a declaration filed with opposition to motion to dismiss "as a plaintiff may not supplement a deficient pleading through additional facts contained in affidavits"); *Jordache Enterprises, Inc. v. Affiliated FM Ins. Co.*, 2022 WL 986109, at *6 n.8 (S.D.N.Y. Mar. 31, 2022) (declining to consider "two affidavits containing expert reports" filed with opposition to motion to dismiss).  As discussed below, however, should the Court decide to consider it (it should not), this expert declaration confirms

---

[5] In its Opposition, Varia cites the iPhone X Teardown that it contends was improperly cited in Apple's Motion, stating that, "as shown below," that device "shar[es] at least some common or overlapping smartphone architecture," with "some shared components being used in both pathways."  Opp. at 8 (citing Rosenthal Decl. Ex. 7).  Although Varia cites generally to an image, it does not actually identify any "shared components."  *Id.*  These allegations are not in Varia's Complaint, and are therefore immaterial to Apple's Motion to Dismiss.  But, in any case, Varia is wrong.  The image includes an independent NXP NFC controller and independent Qualcomm transceivers, such that Varia's Opposition argument would be insufficient to save Varia's Complaint even if it had been pleaded.

9

not only that Varia has failed to plausibly allege a claim for infringement, but also that Varia *cannot* do so in good faith, such that Varia's Complaint should be dismissed with prejudice.

### E. Amendment Would Be Futile, So Dismissal Should Be with Prejudice

Because Varia cannot amend its Complaint to state a plausible claim for infringement, the Challenged Claims should be dismissed with prejudice.[6] *Straebler v. NBC Universal, Inc.*, No. 11 CIV. 4131 DAB, 2013 WL 541524 at *9 (S.D.N.Y. Feb. 11, 2013) (denying leave to amend where plaintiff "failed to demonstrate that she would be able to amend her Amended Complaint in a manner that would survive dismissal"). Varia's factual assertions since the service of Apple's Motion (in its expert declaration, infringement contentions, and expert's deposition) prove that any attempt by Varia to amend the Complaint would be futile.[7] Dr. Sharony's Declaration and Varia's infringement contentions each accuse numerous Apple products, but in every case these documents identify *separate* transceivers for RFID and voice communication. Sharony Decl. ¶¶ 69–70, 94–95, 114–115; Ex. 9 at 14–15; Ex. 10, col. D. Consistent with this lack of infringement evidence, Dr. Sharony acknowledged at deposition that he accuses four independent transceivers as being the single claimed transceiver and communication circuitry,[8] and—notably—he could not identify any circuit elements for transmission or reception that are shared among those four independent transceivers. Ex. 8, 234:13–235:8 236:6–237:11, 240:13–17, 241:15–242:15. Accordingly, dismissal should be with prejudice.

### III. CONCLUSION

Apple respectfully requests that the Court dismiss the Challenged Claims.

---

[6] As of this filing, Varia has not attempted to amend its Complaint.
[7] Even if considered under the summary judgment standard (which it should not be), this evidence shows that there is no genuine dispute of material fact that the accused products do not have the single "transceiver" or "circuitry" required in the Asserted Claims.
[8] Dr. Sharony acknowledged that "transceiver" as used in the claims of the '984 patent and "communication circuitry" as used in claims 16–32 of the '947 patent mean the same thing. Ex. 8, 180:5–9, 180:15–16.

10

Dated: March 13, 2024

By: /s/ *Brian A. Rosenthal*
Brian A. Rosenthal
brosenthal@gibsondunn.com
Laura Faye Corbin
lcorbin@gibsondunn.com
Wendy Wenyu Cai
wcai@gibsondunn.com
Monica Grover
mgrover@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000

Jaysen Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.374.8405

Nathaniel Ryan Scharn
nscharn@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA 92612
Telephone: 949.451.3800

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served on all counsel of record via the Court's ECF system on March 13, 2024.

*/s/ Brian Rosenthal*
Brian Rosenthal