**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VARIA HOLDINGS LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 1:23-cv-07477-RPK-VMS<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**SERVICE DATE: 3/29/2024** |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S**
**MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................................ 1

II.     APPLE'S MOTION TO DISMISS SHOULD BE DENIED ............................................... 1

III.    CONCLUSION .................................................................................................................... 2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chewy, Inc v. Int'l Bus. Machines Corp.*,
    No. 21-cv-01319, 2021 WL 3727227 (S.D.N.Y. Aug. 23, 2021) ....................................................... 1, 2

*Estech Sys., Inc. v. Target Corp.*,
    No. 2:20-cv-00123, 2020 WL 6534094 (E.D. Tex. Aug. 27, 2020)................................................... 1, 2

## I.    INTRODUCTION

Apple's Reply memorandum—which raises additional claim construction arguments—fails to provide any legitimate basis to construe the claims prematurely on the pleadings. It would be legal error to adopt Apple's claim construction arguments here, and if rejected Apple's motion fails in its entirety.

## II.    APPLE'S MOTION TO DISMISS SHOULD BE DENIED

Apple's reply makes clear that it has abandoned its original "single chip" claim construction and switched to new "partial overlap" claim construction arguments, which Apple caveated it may change yet again in the future. D.I. 41 at 2. These shifting arguments underscore the need for orderly claim construction exchanges provided by the local rules and illustrate why settled law forecloses resolution of such claim construction disputes on the pleadings.

Varia served its infringement contentions on February 26, 2024, *i.e.*, after Varia served its opposition brief on February 14, 2024. D.I. 20 at 2. Varia's infringement contentions—which are based on publicly available information only without the benefit of discovery—chart each element of the asserted claims with screenshots of product teardowns, excerpts from Apple's website, and detailed factual allegations. *See* Exs. 1-5 (Varia's Preliminary Infringement Contentions and Appendices).[1] Varia's contentions also identify components that Varia alleges infringe the patents, but are inaccessible to Varia before discovery. Ex. 1 at 1-2 ("details regarding how the Accused Features operate is proprietary and non-public, and Apple has not yet produced technical discovery regarding these details."). As other courts have observed, such infringement contentions may be relevant to assessing the sufficiency of infringement pleadings. *See Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123, 2020 WL 6534094, at *3 (E.D. Tex. Aug. 27, 2020) ("To the extent Wells Fargo contends the complaint does not contain enough detail as to how it supposedly infringes, Estech's infringement contentions provide additional details."); *Chewy, Inc v. Int'l Bus. Machines Corp.*, No. 21-cv-01319, 2021 WL

---

[1] Exhibits cited herein are attached to the Declaration of Natalie D. Lieber.

3727227, at *4 (S.D.N.Y. Aug. 23, 2021) ("IBM's infringement contentions . . . are more than sufficient to meet the plausibility pleading standard applicable at this stage.").

Apple's Reply incorrectly argues that Varia's infringement contentions cannot cure the alleged pleading deficiencies addressed in Apple's motion because they "identify ***separate*** transceivers for RFID and voice communication" and do not "allege[] any overlap between the . . . transceivers." D.I. 39 at 10, 4. Apple's argument amounts to nothing more than a claim construction dispute, which is misplaced here. D.I. 36 at 11-12. Varia's complaint, along with its "infringement contentions . . . are more than sufficient to meet the plausibility pleading standard . . . . And where a factual dispute remains, resolving the question of how the [transceiver] works in practice is not appropriate at the motion to dismiss stage." *Chewy,* 2021 WL 3727227, at *4. Moreover, if the Court were to convert the pending motion to a summary judgment motion and address claim construction—Varia's infringement contentions identify partially overlapping components purportedly responsible for performing RFID and voice communications. For example, Varia identifies specific processor chips and related components responsible for RFID and voice communications. Ex. 5 (Contentions Appx. D) at 2, 4.[2]

In addition, Apple's opening brief addressed only four claims from Varia's asserted patents. D.I. 34 at 17. Apple's reply challenges an expanded scope of claims, including all fifty-eight "claims of the '984 and '974 patents and claims 16-32 of the '947 patent." D.I. 39 at 1, n. 1. Varia's infringement contentions contain detailed factual allegations as to Apple's infringement of these claims, and confirm the sufficiency of Varia's pleadings.[3] *See Estech Sys.* at *3 (relying on infringement contentions to satisfy pleading standard); *Chewy*, *Inc.* at *4 (same).

### III.    CONCLUSION

For the foregoing reasons, Varia respectfully requests that the Court deny Apple's motion.

---

[2] Some components involved in both RFID and voice functionalities, e.g., user interface software and source code, are available only through discovery.
[3] Claim 30 of the '984 patent is not presently asserted.

Dated: March 29, 2024                          Respectfully submitted,
New York, New York


By:  /s/Timothy Gilman
     Timothy K. Gilman
     tim.gilman@srz.com
     Natalie D. Lieber
     natalie.lieber@srz.com
     **SCHULTE ROTH & ZABEL LLP**
     919 Third Avenue
     New York, New York 10022
     Telephone 212.756.2000

     *Attorneys for Plaintiff Varia Holdings LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of this document has been served on all counsel of record via email on March 29, 2024.

*/s/ Natalie Lieber*

Natalie Lieber